IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 16-75-RGA |
| ERIC LEONARD, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Defendant has filed a motion which seeks compassionate release from prison to home confinement. (D.I. 57). I have received further submissions. (D.I. 59-60, 62-64). The statute applicable to this motion, 18 U.S.C. § 3582, provides as follows, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

1

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

There is a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)    (A)  extraordinary and compelling reasons warrant the reduction; or
>         (B)  the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)    the reduction is consistent with this policy statement.

U.S.S.G. §1B1.13.

Further, there is an application note, which provides:

> 1.    <u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A)    <u>Medical Condition of the Defendant</u>.—
>     (i)    The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     (ii)    The defendant is—
>         (I)    suffering from a serious physical or medical condition,
>         (II)    suffering from a serious functional or cognitive impairment, or
>         (III)    experiencing deteriorating physical or mental health because of the aging process,

       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B)    <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C)    <u>Family Circumstances</u>.
       (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
       (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D)    <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

By way of background, I sentenced Defendant on September 18, 2018, to eighty-seven months imprisonment. He has been locked up since July 20, 2016. (D.I. 45 at 1). According to the Bureau of Prisons Inmate Locator, his release date is September 23, 2021, and he is at "FCI Allenwood Low." (*Accord*, D.I. 62 at 6). Consistent with this, Defendant states his release to home confinement date is March 23, 2021. (D.I. 60-1 at 3). (The Government says he has served "just over half his sentence." (D.I. 62 at 6). I think a better way to characterize it is that he has now been incarcerated for about 47 months of his expected 56 months of actual incarceration.).

In essence, before I can grant the motion of a prisoner for compassionate release, the prisoner has (1) to exhaust administrative remedies, *see United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence. It appears that I should consider these sequentially. *See, e.g., United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020).

Here, Defendant requested compassionate release from the Warden of FCI Allenwood on April 15 or 16, 2020 (D.I. 60-1; *see* D.I. 60 at 3; D.I. 62 at 7; D.I. 64 at 13-15 (Exh. 2)), more than 30 days have elapsed, and the request has not been granted.  The Government agrees that Defendant has met the exhaustion requirement, and that I can consider his request.  (D.I. 62 at 8).

Defendant essentially argues that the extraordinary and compelling circumstances are that he has "chronic preconditions like hypertension," and we are subject to the COVID-19 pandemic.[1]  (D.I. 57 at 2). He takes five medications.  (*Id.*).  The Government has produced Defendant's medical records.  (D.I. 63, Exhs. A & B). As the Government demonstrates (*id.* at 5-6), the records show an individual with various medical issues, including hypertension.  The hypertension is being treated and is well-controlled.  (*Id.*, Exh. A at 2 (April 18, 2019: "Blood pressure well controlled on [three medications])." Half a year later: "The inmate stopped all his blood pressure medication over a month ago but the pressure is a bit elevated and we agree to start back at lower dose."  (*Id.*, Exh. B at 32 of 127).  His blood pressure is checked regularly.  (*Id.*, Exh. A at 87-88 of 164; Exh. B. at 48-49 of 127).

As of June 14, 2020, the CDC website says, "People with hypertension should continue to manage and control their blood pressure and take their medication as directed."  This statement appears in the section relating to "Serious heart conditions."  It seems to relate to pulmonary hypertension, which does not appear to be a diagnosis for Defendant.  In short, Defendant's increased risk of getting very sick from COVID-19 appears at most to be minimally increased over that of a person without hypertension.  Thus, in my opinion, he does not have

---

[1] Hypertension is also referred to as high blood pressure.  Defendant cites a blood pressure reading in support of his motion.  (D.I. 64 at 2).  I do not see the cited numbers in the regular blood pressure readings in the medical records to which the Government has pointed me.  The readings there are substantially less alarming.  He states that he is at greater risk of a stroke or a heart attack.  (*Id.*).

such health issues as to demonstrate "extraordinary and compelling circumstances," even when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release. I therefore need not consider the third and fourth steps in the analysis.

Thus, I **DENY** Defendant's motion (D.I. 57) without prejudice.

IT IS SO ORDERED this 15th day of June 2020.

       /s/ Richard G. Andrews      
United States District Judge